## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NDOKEY ENOW, #1990859, #435845     *
       *
Plaintiff,        *
       *
v        *        Civil Action No. PWG-15-2607
       *
MONTGOMERY COUNTY DEP'T of     *
   POLICE, *et al.,*[1]        *
       *
Defendants.        *
       ***

### MEMORANDUM OPINION

Pending is self-represented plaintiff Ndokey Enow's "Complaint for Unlawful Wiretapping, False Arrest and False Imprisonment due to Negligence." (ECF No. 1). Also pending are Enow's motions to proceed in forma pauperis, to appoint counsel, to appoint an expert witness, and to appoint an arbitrator or mediator. (ECF Nos. 2, 3, 4, 5). Enow's Motion to Proceed in Forma Pauperis will be granted for the purpose of preliminary review of the Complaint.

Enow states that he brings this action pursuant to the First, Fourth, Eighth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution, the Maryland Tort Claims Act, the Maryland Constitution, and Maryland common law. *Id.* As relief, he requests damages of $400 million dollars and declaratory relief to state that Defendants Montgomery County Department of Police and Officer Michael Carin violated his federal constitutional rights

---

[1] Enow lists Montgomery County Department of Police and Officer Michael Carin as Defendants on his Complaint. ECF No. 1. The docket will be updated to list both of these defendants.

and state law. Specifically, Enow alleges that Officer Carin, while acting undercover, deprived him of his constitutional rights, and Enow faults Defendant for employing Carin.[2]

Construing the Complaint liberally, Enow is proceeding under 28 U.S.C. §§ 1915 and 1915A, which permit an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires dismissal of a claim if it "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b)(1)-(2). The Court is aware of its obligation to liberally construe the pleadings of *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in evaluating a *pro se* complaint, a plaintiff's allegations are assumed true. *Id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In essence, Enow is attempting to appeal his Maryland state conviction in federal court.[3] As such, the *Rooker–Feldman* doctrine warrants abstention in this case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460

---

[2] Enow also alleges his Sixth Amendment rights were violated when the prosecutor relied on recorded conversations improperly and deliberately elicited before and after he was indicted. Notably that prosecutor is not named as a defendant.

[3] In September of 2015, Enow filed five complaints in this Court, including this one under review. All the complaints relate to Enow's conviction in 2012 in the Circuit Court for Montgomery County for solicitation to commit first-degree murder in Case 125462C. *See Enow v. Montgomery County DOC*, PWG-15-2597; *Enow v. State's Attorney for Montgomery County*, PWG-15-2598; *Enow v. Judge Steven G. Salant*, PWG-15-2602; *Enow v. Montgomery County Dept. of Police et al.*, PWG-15-2603; *see also* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=120901C&loc=68&detailLoc=MCCR.

U.S. 462, 482–86 (1983). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision, because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.* 434 F.3d 712, 719 (4th Cir. 2006)).

Further, claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994). Claims for damages cannot be considered here unless Enow has first successfully challenged his criminal conviction. As Enow provides no evidence that he successfully appealed or otherwise invalidated his conviction, this action must be dismissed. Enow cannot maintain a § 1983 action seeking monetary damages because a judgment in his favor would necessarily imply the invalidity of the outcome of the conviction.[4] Thus his claims are barred under *Heck*, and this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915 for failure to state a claim. I will deny Enow's remaining motions (ECF Nos. 2, 4, 5) as moot. A separate order dismissing the complaint without prejudice follows.

_____
10/06/15
Date

_____
Paul W. Grimm
United States District Judge

---

[4] I decline to exercise supplemental jurisdiction over the state claims.